IN THE SUPREME COURT OF THE STATE OF DELAWARE

SCOTT O. JOHNSON,             §

                                 §

     Defendant Below,         §   No. 251, 2025

     Appellant,               §

                                   §   Court Below—Superior Court

     v.                        §   of the State of Delaware

                                   §

STATE OF DELAWARE,       §   Cr. ID No. 2211007190 (N)

                                   §

     Appellee.                §

Submitted: November 17, 2025
Decided:    December 5, 2025

## ORDER

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Scott O. Johnson, appeals from the Superior Court's order denying his motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)    Johnson was indicted for various drug-related offenses arising from conduct that occurred on November 17, 2022. In September 2023, he pleaded guilty to drug dealing heroin as a Class D felony and second-degree conspiracy. Johnson agreed that he was subject to habitual-offender sentencing under 11 *Del. C.* § 4214(a)

based on numerous predicate offenses listed on the plea agreement. The State and Johnson agreed to recommend the following sentence: for drug dealing, twenty-five years of imprisonment, suspended after eight years for eighteen months of level III probation; and for second-degree conspiracy, ten years of imprisonment, suspended for eighteen months of Level III probation. The Superior Court sentenced Johnson in accordance with the plea agreement.

(3) In April 2025, Johnson filed a motion for correction of an illegal sentence under Superior Court Rule of Criminal Procedure 35(a). The Superior Court denied the motion, and Johnson has appealed to this Court. Relying on *Erlinger v. United States*,[1] Johnson argues that his sentence is illegal because two of the predicate offenses on which his habitual-offender sentence was based were juvenile adjudications; the State did not prove that the predicate offenses were committed on separate occasions; and the indictment did not indicate that the State would seek enhanced sentencing.

(4) We review the denial of a motion for correction of an illegal sentence for abuse of discretion, although questions of law are reviewed *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory,

---

[1] 602 U.S. 821 (2024).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5)  Johnson has not demonstrated that his sentence is illegal.  Under Section 4214(a), Johnson was subject to a sentence of up to life in prison for drug dealing and for second-degree conspiracy if he had three prior felony convictions.[4] In *Erlinger*, the United States Supreme Court stated that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt" *or* "freely admitted in a guilty plea."[5]  In his plea agreement, Johnson admitted the facts that made him subject to sentencing under Section 4214(a), and the truth in sentencing form stated that he could receive a sentence of up to life for each of the two offenses to which he was pleading guilty.  Johnson, who was represented by counsel, did not object when the State moved for habitual-offender sentencing, nor has he asserted on appeal any meritorious grounds on which he could have contested his habitual-offender eligibility.  Even without considering the offenses that he claims were juvenile adjudications—and combining the offenses that he seems to contend were not committed on separate occasions—he admitted that he was subject to habitual-offender sentencing based on offenses from 1988, 1993, 1996, 2003, 2006, 2007,

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] 11 *Del. C.* § 4214(a) (2022).
[5] *Erlinger*, 602 U.S. at 834 (internal quotations and alterations omitted).

3

2014, 2015, 2017, 2019, and 2021. Johnson has not articulated a factual basis on which he could argue that he did not have the requisite number of prior, successive convictions under Section 4214(a).[6] Johnson has not shown that his sentence was illegally enhanced.

(6) Nor is Johnson's sentence illegal because the indictment did not allege his predicate offenses or indicate that the State would seek habitual-offender sentencing. By pleading guilty and agreeing that he was subject to habitual-offender sentencing, Johnson forfeited his right to assert that challenge to the indictment.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *See Morris v. State*, 2025 WL 2541982, at *2 (Del. Sept. 3, 2025) (addressing defendant's argument under *Erlinger* that "his admissions in his guilty plea did not address the requirement that the prior convictions occurred on separate occasions" and stating that defendant had not "asserted on appeal any grounds on which he could have contested his habitual-offender eligibility" and, "[m]ore specifically, he has not articulated a factual basis on which he could argue that his prior felonies—of which he admitted he was convicted in 1995, 1997, and 2002—did not constitute successive prior convictions under Section 4214(a)").

[7] *See Downer v. State*, 543 A.2d 309, 312 (Del. 1988) (holding that, by pleading guilty, defendant forfeited right to attack indictment that charged nonexistent offense).

4